White O. J.
There was no error in the refusal of the district court to dismiss the appeal.
. The statute provides that “ appeals may be taken from final judgments, orders and decrees in civil actions, in which the parties have not the right by law to demand a trial by jury.” S. & S. 589.
Actions in which the parties have the right by law to demand a trial by jury are “ actions for the recovery of *571 money, or of specific real or personal property.” Code,, sec. 263.
In the present instance, the action is not for the recovery of money, although money is the ultimate object sought.
The action is not in the nature of a common law action; but in the nature of a bill in equity. Its primary object is the enforcement of the lien of tbe mortgage by subjecting the premises to sale to pay the mortgage debt.
.Kerkendall, the owner of the property, was not indebted to the plaintiff, and the only object of suit against him was-to foreclose his equity of redemption by the sale of the property.
The controversy between him and the plaintiff was purely of ah equitable nature: viz., whether the mortgage was still a subsisting lien on the property.
The prayer for a personal judgment against the mortgagor, whether allowable or not, was merely incidental to-the principal relief sought.
The plaintiff, however, claims that, under the act of February 19, 1864, the action must be regarded as an action for tbe recovery of money only, and, therefore, not appealable.
The act referred to is as follows :
“ That in all actions for the foreclosure of mortgages-given to secure the payment of money, or in which a specific lien for money claimed to be due, is sought to be enforced, the plaintiff may also ask in his petition a judgment for the money claimed to be due; and such proceedings shall be had, and judgment rendered thereon, as in other civil actions for the recovery of money only.” S. & S. 575.
This statute is not applicable to the present case. The statute only applies where the party against whom the lien is sought to be enforced is also personally liable for the debt secured by the lien.

Leave refused.